## BUTLER *v.* CITY COUNCIL OF AUGUSTA.

Where an employee of a licensed dealer in spirituous liquors, in direct disobedience of his master's command, makes a sale of liquor, such employee cannot, in defense to a prosecution against him for selling without a license, set up that the sale was made in the employer's behalf and under the license held by the latter. In such a case, the employee will be held to have acted upon his individual responsibility, and will be dealt with accordingly.

Argued January 23,—Decided March 4, 1897.

Petition for certiorari. Before Judge Callaway. Richmond county. May 20, 1896.

*P. J. Sullivan,* for plaintiff in error.
*M. P. Carroll,* contra.

LUMPKIN, Presiding Justice.

In a trial before the recorder's court of the city of Augusta, R. J. Butler was convicted of the offense of selling by retail spirituous liquor without a license from the city council. He took the case by certiorari to the superior court, and the question now is whether or not its action in overruling the certiorari and affirming the recorder's judgment was correct.

The record discloses that W. J. Butler was a duly licensed dealer in spirituous liquors, and that R. J. Butler was his clerk. The particular sale for the making of which R. J. was convicted was made on the Sabbath day, and had been expressly forbidden by W. J., his principal. It distinctly appears that in making this sale the clerk acted in direct disobedience of his master's command. He undertook to set up that the sale was made by him as an employee un-

der the license held by his principal.    Under the facts re-
cited, this certainly was not allowable.    While R. J. might,
in a proper case, fairly insist that a sale of liquor by him had
been made in the due course of his employment and under
the sanction of his employer, either express or implied, and
was therefore authorized by the latter's license, he could not
with any degree of propriety or consistency contend that an
act done expressly outside of his employment, and in direct
violation of the authority conferred upon him by his princi-
pal, should in any sense be treated as something done by him
as agent.    As to this particular act, he was no employee at
all.    If this is not so, then an employee is his employer's
superior.    As well might a discharged servant claim that an
act done by him was done by virtue of his former employ-
ment.

We are not now passing upon the question of the mas-
ter's responsibility to the public for the acts of his agent
apparently done within the scope of the latter's agency; nor
upon any question which might have arisen if W. J. Butler
had been on trial for a violation of a law or ordinance re-
lating to liquor traffic on the Sabbath day.    We are merely
dealing with the agent's utterly indefensible position that
he did, by virtue of the agency, an act which it gave him
no authority to do at all.    He cannot set up as a defense the
very agency the terms of which he himself ignored and repu-
diated.    On the contrary, he should, under the facts of this
case, be held to have acted upon his individual responsibil-
ity; and it follows that the judge of the superior court was
right in overruling the certiorari and sustaining the convic-
tion.

*Judgment affirmed.    All the Justices concurring.*